IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

```
UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )  Criminal Action No.
                                 )  07-00411-01/05-07-CR-W-HFS
BILLY DUREN,                     )
ALVIN DIXON,                     )
LAFAYETTE BROWN,                 )
CHRISTOPHER TAYLOR,              )
DEAWNTA STALEY,                  )
and                              )
CLYDE MCGEE,                     )
                                 )
          Defendants.            )
```

**MEMORANDUM OF MATTERS DISCUSSED AND
ACTION TAKEN AT PRETRIAL CONFERENCE**

**I.    BACKGROUND**

Pursuant to the order of the Court en banc of the United States District Court for the Western District of Missouri, a pretrial conference was held in the above-entitled cause before me on March 11, 2009. Defendant Billy Duren appeared in person and with John Gromowsky. Defendant Alvin Dixon appeared in person and with Patrick Peters. Defendant Lafayette Brown appeared in person and with John Osgood. Defendant Christopher Taylor appeared in person and with Robert Kent Warren. Defendant Deawnta Staley appeared in person and with Melanie Morgan. Defendant Clyde McGee appeared in person and with Daniel Hobard. The United States of America appeared by Assistant United States Attorney Catherine Connelly.

On December 6, 2007, an indictment was returned charging all of the defendants with conspiracy to distribute cocaine and heroin, in violation of 21 U.S.C. § 846. The indictment also charges defendant Christopher Taylor with one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C).

The following matters were discussed and action taken during the pretrial conference:

**II. TRIAL COUNSEL**

Ms. Connelly announced that she and Justin Davids will be the trial counsel for the government. The case agent to be seated at counsel table is Special Agent Ben Post, DEA.

Mr. Gromowsky announced that he will be the trial counsel for defendant Billy Duren.

Mr. Peters announced that he will be the trial counsel for defendant Alvin Dixon.

Mr. Osgood announced that he will be the trial counsel for defendant Lafayette Brown.

Mr. Warren announced that he and Charles Eblen will be the trial counsel for defendant Christopher Taylor.

Ms. Morgan announced that she will be the trial counsel for defendant Deawnta Staley.

Mr. Hobard announced that he will be the trial counsel for defendant Clyde McGee.

## III. OUTSTANDING MOTIONS

There is currently pending for ruling by me a motion to suppress wiretap evidence filed by defendant Christopher Taylor (document number 117). The Report and Recommendation will be filed shortly.

There is currently pending for ruling by the District Judge a motion in limine filed by Lafayette Brown (document number 114), a motion to suppress evidence filed by Christopher Taylor (document number 89), a motion to dismiss filed by Christopher Taylor (document number 91), a motion to dismiss filed by Christopher Taylor (document number 93), a motion in limine filed by Christopher Taylor (document number 97), and a motion to suppress filed by Christopher Taylor (document number 119).

## IV. TRIAL WITNESSES

Ms. Connelly announced that the government intends to call 20 witnesses without stipulations or 14 witnesses with stipulations during the trial.

Mr. Gromowsky announced that defendant Billy Duren intends to call 3 witnesses during the trial. The defendant may testify.

Mr. Peters announced that defendant Alvin Dixon intends to call 4 witnesses during the trial. The defendant will testify.

Mr. Osgood announced that defendant Lafayette Brown intends to call no witnesses during the trial. The defendant will testify.

3

Mr. Warren announced that defendant Christopher Taylor intends to call 2-3 witnesses during the trial.  The defendant may testify.

Ms. Morgan announced that defendant Deawnta Staley intends to call no witnesses during the trial.  The defendant will testify.

Mr. Hobard announced that defendant Clyde McGee intends to call no witnesses during the trial.  The defendant will not testify.

**V.   TRIAL EXHIBITS**

Ms. Connelly announced that the government will offer approximately 124 exhibits in evidence during the trial.

Mr. Gromowsky announced that defendant Billy Duren will offer no exhibits in evidence during the trial.

Mr. Peters announced that defendant Alvin Dixon will offer no exhibits in evidence during the trial.

Mr. Osgood announced that defendant Lafayette Brown will offer no exhibits in evidence during the trial.

Mr. Warren announced that defendant Christopher Taylor will offer approximately 2-3 exhibits in evidence during the trial.

Ms. Morgan announced that defendant Deawnta Staley will offer approximately 4 exhibits in evidence during the trial.

Mr. Hobard announced that defendant Clyde McGee will offer no exhibits in evidence during the trial.

4

## VI. DEFENSES

Mr. Gromowsky announced that defendant Billy Duren will rely on the defense of general denial.

Mr. Peters announced that defendant Alvin Dixon will rely on the defense of general denial.

Mr. Osgood announced that defendant Lafayette Brown will rely on the defense of general denial.

Mr. Warren announced that defendant Christopher Taylor will rely on the defense of general denial.

Ms. Morgan announced that defendant Deawnta Staley will rely on the defense of general denial.

Mr. Hobard announced that defendant Clyde McGee will rely on the defense of general denial.

## VII. POSSIBLE DISPOSITION

Mr. Gromowsky stated this case is definitely for trial.

Mr. Peters stated this case may be for trial.

Mr. Osgood stated this case is definitely for trial.

Mr. Warren stated this case is definitely for trial.

Ms. Morgan stated this case is definitely for trial.

Mr. Hobard stated this case is probably not for trial.

## VIII. STIPULATIONS

Stipulations are likely as to chain of custody.

**IX. TRIAL TIME**

Counsel were in agreement that this case will take 6-7 days to try.

**X. EXHIBIT LIST, VOIR DIRE AND INSTRUCTIONS**

The U. S. Magistrate Judge ordered:

> That, in addition to the requirements of the Stipulations and Orders filed June 12, 2008, counsel for each party file and serve a list of exhibits he or she intends to offer in evidence at the trial of this case on the form entitled Exhibit Index and have all available exhibits premarked using the stickers provided by the Clerk of Court by March 11, 2009;
>
> That counsel for each party file and serve requested jury voir dire examination questions by or before noon, Wednesday, March 18, 2009;
>
> That counsel for each party file and serve, in accordance with the requirements of Local Rule 51.1, requested jury instructions[1] by or before noon, Wednesday, March 18, 2009. Counsel are requested to provide proposed jury instructions in both hard copy form, as required by Local Rule 51.1, and by e-mail to the trial judge's courtroom deputy.

**XI. UNUSUAL QUESTIONS OF LAW**

Motions in limine on the following issues will probably be filed: Duren on prior convictions; Brown on other acts (theft

---

[1] Counsel in all cases assigned to be tried before Chief Judge Fernando Gaitan, Jr., as reflected in the trial letter which will be prepared by Judge James England, shall meet and prepare a packet of agreed proposed jury instructions to be submitted to Judge Gaitan and e-mailed to marylynn_shawver@mow.uscourts.gov and rhonda_enss@mow.uscourts.gov by Friday, March 20, 2009. To the extent there are disagreements to certain instructions, each attorney shall tab and submit his or her preference on those instructions. The instructions shall be listed in the order they are to be given.

and robbery); Taylor on prior convictions; Staley on 404(b), prior convictions, and uncharged conduct; and Dixon on prior convictions.  There are no unusual questions of law.

## XII. TRIAL SETTING

All counsel and the defendants were informed that this case will be listed for trial on the second week of the joint criminal jury trial docket, or March 30, 2009.

**This case must be set on the second week of the trial docket.**

/s/ Robert E. Larsen
ROBERT E. LARSEN
U. S. Magistrate Judge

Kansas City, Missouri
March 11, 2009

cc: The Honorable Howard Sachs
    Mr. Kevin Lyon

7